**BETTERLY v. UNITED STATES.**

**Civ. A. No. 3214.**

United States District Court
M. D. Pennsylvania.

Nov. 29, 1949.

522

Charles L. Casper, of Fahey & Casper, Wilkes Barre, Pa., for plaintiff.

Arthur A. Maguire, United States Attorney, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action on a policy of life insurance issued to Harold H. Betterly, now deceased, under the National Service Life Insurance Act of 1940, as amended.[1] The plaintiff, Maude Betterly, was the mother of the insured and was designated as principal beneficiary in the policy. The case was tried before the Court and a jury, and the jury returned a verdict in favor of the defendant, the United States of America. The case is now before the Court on a motion by plaintiff to set aside the verdict and enter judgment for the plaintiff and for a new trial.

At the trial the plaintiff introduced into evidence the application for National Service Life Insurance by Harold H. Betterly, the National Service Life Insurance certificate certifying that Harold H. Betterly applied for insurance in the amount of $10,000 payable in case of death, and acknowledgment of remittance of $6.40 by the Veterans Administration directed to Harold H. Betterly, and dated July 2, 1947. The

plaintiff introduced evidence to show that Harold H. Betterly died on June 29, 1947. Robert Betterly, brother of the insured, testified that, on or about June 27, 1947, he sent a money order in the sum of $6.40 to the Veterans Administration on behalf of his brother, Harold H. Betterly, and that his brother told him at that time that his "insurance is paid all but this month." The defendant admitted that this $6.40 was received by the Veterans Administration. The plaintiff thus made out a prima facie case. The plaintiff then rested.

The defendant offered in evidence Defendant's Exhibit No. 1, a statement in writing by J. T. Willett, Director, Insurance Accounts Service, Veterans Administration, certified pursuant to the provisions of Public, No. 430, 74th Congress, Act Jan. 31, 1936, 38 U.S.C.A. § 11(g), the admission of which was objected to by counsel for the plaintiff and was received in evidence over that objection. The defendant then rested.

The statement referred to reads as follows:

"The records disclose that Harold Herman Betterly applied for and was granted National Service Life Insurance in the amount of ten thousand ($10,000) dollars on the five-year level premium plan, effective as of June 1, 1944, under certificate number N-16, 522, 899.

"Premiums at the monthly rate of six dollars and forty cents ($6.40) were paid by allotment of active service pay to include the month of June 1946. A remittance in the amount of six dollars and forty cents ($6.40) tendered under postmark date of May 23, 1946, was applied in payment of the premium payable on July 1, 1946.

"The contract of insurance lapsed for nonpayment of the premium payable on August 1, 1946, and protection thereunder terminated at the expiration of the grace period of thirty-one (31) days thereafter.

"A remittance in the amount of six dollars and forty cents ($6.40) tendered under postmark date of June 27, 1947, was not acceptable because the insurance was lapsed, therefore, it was posted in suspense

1. 38 U.S.C.A. § 801 et seq.

on the account and is subject to refund to the estate of the insured.

"There is no record of a payment having been tendered as premium on this insurance except as stated above."

The plaintiff contends that the admission into evidence of Defendant's Exhibit No. 1, above referred to, was prejudicial error. The defendant contends that this certified statement is admissible under Rule 44(b) of the Federal Rules of Civil Procedure,[2] which reads as follows: "A written statement signed by an officer having the custody of an official record or by his deputy that after diligent search no record or entry of a specified tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of his office contain no such record or entry."

The statement in the exhibit refers to certain records, and includes a statement that there is no record of payment having been tendered on this insurance except as stated. It is clear that Rule 44(b) does not provide for the admissibility as evidence any such statement. A copy of the record of the payments referred to in Paragraph two of the statement in the exhibit might be used as evidence by a strict compliance with Rule 44(a) of the Federal Rules of Civil Procedure and the statement as to no record or entry of payments tendered as premiums might be received in evidence by a strict compliance with Rule 44(b) of the Federal Rules of Civil Procedure. Statements contained in Paragraph one, Paragraph three and Paragraph four were clearly not admissible.

The admission into evidence of Defendant's Exhibit No. 1 was prejudicial error, was something which may have influenced the verdict of the jury, and a new trial should be granted.

Now, November 29, 1949, the verdict for the defendant is set aside and a new trial is granted. The motion for entry of judgment for the plaintiff is denied.